UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CR158 CDP |
| | ) | |
| EARL SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Defendant Earl Smith filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), seeking to benefit from retroactive Sentencing Guidelines Amendment 782, which reduced the guidelines range for many drug offenses. The Probation Office filed a report indicating that Barton was not eligible for a reduction because the sentence he originally received was a variance from the guidelines and was the same as the bottom of his new guidelines range. The government opposes the motion for reduction for the same reason. I agree that Smith is not eligible for a reduction in sentence because the sentence he already received is the lowest sentence he could receive under the new guidelines range, so any further reduction is not allowed.

## Discussion

Absent statutory authority, the Court cannot reduce a final sentence. Section 3582(c)(2) of Title 18 provides authority for the court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ." In Amendment 782 the United States Sentencing Commission lowered many drug sentencing ranges. The Sentencing Commission determined that the reduction should apply retroactively, and added Amendment 782 to the list of retroactive amendments in U.S.S.G. § 1B1.10(d). Thus, many defendants previously sentenced for drug crimes are eligible for reduced sentences.

Defendant Smith was sentenced to an aggregate sentence of 97 months imprisonment on October 17, 2008. The sentence consisted of 37 months for his possession with intent to distribute drugs and a consecutive sentence of 60 months for his possession of a firearm in furtherance of a drug trafficking crime. His sentencing guidelines range on the drug charge was based on a combination of drugs, and, using the guidelines then in effect, was 37 to 46 months. As discussed in more detail in my memorandum opinion dated January 27, 2012 [docket entry # 44], I denied Smith's request to reduce his sentence based on Guidelines

Amendment 750 because when the guidelines were calculated under that amendment his range was actually higher – 46 to 57 months. As explained then, this anomaly was because the case involved cocaine, cocaine base, and marijuana, and the combination of drugs resulted in a higher sentence under Amendment 750.

When the guidelines under Amendment 782 are used, Smith's guidelines range on the drug count goes back to what it was originally – 37 to 46 months. Thus, his guidelines range is exactly the same as it was were when he was originally sentenced, and he is not entitled to any further reduction. U.S.S.G. § 1B1.10(b)(2)(A) prohibits reducing a sentence in this situation: " . . . the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guidelines range . . ." Because any reduction from the sentence already imposed would be below the new range, defendant is not eligible for a reduction.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to reduce his sentence [#45] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of May, 2015.